IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NAVIGATORS SPECIALTY
INSURANCE CO.,
    *Plaintiff*,

v.

MEDICAL BENEFITS
ADMINISTRATORS OF MD, INC.,
*et al.*
    *Defendants*.

Civil Action No. ELH-12-2076

**MEMORANDUM**

Now pending before the Court is plaintiff's motion for leave to file an interlocutory appeal ("Motion, ECF 60). The Motion arises from the Court's Memorandum Opinion and Order of February 21, 2014 (ECF 58, ECF 59).

The case involves an insurance coverage dispute between plaintiff Navigators Specialty Insurance Co. ("Navigators") and defendants Medical Benefits Administrators of MD, Inc. ("MBA") and R.J. Wilson & Associates, Ltd. ("RJW"). The dispute arises from two successive Error and Omissions insurance policies (the "2009-2010 Policy" and the "2010-2011 Policy") issued by Navigators to MBA, each of which contained an endorsement naming RJW as an additional insured. Both policies were claims-made-and-reported policies, meaning that, as a prerequisite to coverage, a claim must be made against the insured *and* reported to the insurer within the effective dates of the policy. The key issue in the case is whether plaintiff is required to provide coverage under either policy for liability that may arise out of a lawsuit pending against defendants in this district, filed on June 30, 2011, titled *Certain Underwriters at Lloyd's London v. R.J. Wilson and Associates, Ltd. and Medical Benefits Administrators of Md. Inc.*, Civ. No. CBB-11-01809 (the "Maryland Action").

On February 1, 2014, I issued a Memorandum Opinion (ECF 58) and Order (ECF 59), in which I ruled that no coverage was available to MBA and/or RJW under the 2010-2011 Policy. However, I denied the parties' cross-motions for summary judgment with respect to the 2009-2010 Policy. In doing so, I ruled that plaintiff is required by Md. Code (2011 Repl. Vol., 2013 Supp.) § 19-110 of the Insurance Article ("Ins.") "to show actual prejudice before denying coverage under the 2009-2010 Policy." As I discussed in my Memorandum Opinion, my ruling that an insurer must show actual prejudice before denying coverage on a claims-made-and-reported policy is consistent with a recent opinion by Judge Richard Bennett, *see McDowell Bldg., LLC v. Zurich Am. Ins. Co.*, 2013 WL 5234250 (D. Md. Sept. 17, 2013), but is in conflict with opinions of two other judges in this District. *See Fin. Indus. Regulatory Auth., Inc. v. Axis Ins. Co.*, 951 F. Supp. 2d 826 (D. Md. 2013) (Grimm, J.); *Minnesota Lawyers Mut. Ins. Co. v. Baylor & Jackson, PLLC*, 852 F. Supp. 2d 647 (D. Md. 2012) (Bredar, J.), *aff'd*, 531 F. App'x 312 (4th Cir. 2013).[1]

On March 3, 2014, plaintiff filed a motion for leave to pursue an interlocutory appeal on the question of whether Ins. § 19-110 "requires insurers to demonstrate prejudice when denying coverage based on late notice on a claims made and reported policy." ECF 60. Plaintiff also submitted a memorandum in support of the Motion ("Memo," ECF 60-1). Defendants oppose the Motion ("Opp.," ECF 61), and plaintiff has filed a reply ("Reply," ECF 62). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I will deny the Motion.

---

[1] In affirming Judge Bredar's opinion, the Fourth Circuit did not reach the question of whether Ins. § 19-110 applies to claims-made-and-reported policies.

## Discussion

Interlocutory appeals are an exception to 28 U.S.C. § 1291's grant of jurisdiction to appellate courts to hear appeals only from "final decisions" of district courts. *Johnson v. Jones*, 515 U.S. 304, 309 (1995); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 626 (D. Md. 2013). In *Johnson*, 515 U.S. at 309, the Supreme Court explained the rationale behind circumscribing the availability of interlocutory appeals:

> An interlocutory appeal can make it more difficult for trial judges to do their basic job—supervising trial proceedings. It can threaten those proceedings with delay, adding costs and diminishing coherence. It also risks additional, and unnecessary, appellate court work either when it presents appellate courts with less developed records or when it brings them appeals that, had the trial simply proceeded, would have turned out to be unnecessary.

"A party seeking review of a nonfinal order must first obtain the consent of the trial judge." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978); *see Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 820 (D. Md. 2011). A trial judge may certify an interlocutory order for appeal if the party seeking the appeal shows that (1) the desired appeal "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The party moving for certification of an interlocutory order "bears the burden of proving that the prospective appeal satisfies each of the statutory prerequisites for certification." *Boyd*, 828 F. Supp. 2d at 820.

Plaintiff avers that all three requirements are met here. According to plaintiff, the question of whether it is required to show prejudice before disclaiming coverage is a controlling question of law because "if the Court's [decision] was erroneous, . . . there would be no coverage as a matter of law . . . and the case ends." Memo at 3–4. Plaintiff contends that the existence of a substantial ground for difference of opinion is evident from the "even split amongst the district

courts" that have addressed the question. *Id.* at 4. As to the third element, plaintiff argues: "Certifying the above question presented will materially advance the ultimate termination of the litigation by eliminating the need for trial." *Id.* at 5.

I agree with plaintiff that the first two requirements are satisfied. However, in my view, an interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

First, discovery in this case is complete and the issues remaining for trial are few. Therefore, allowing this case to proceed in the usual course is "unlikely to generate the 'protracted and expensive litigation' that interlocutory appeal seeks to avoid." *Randolph v. ADT Sec. Servs., Inc.*, Civ. No. DKC 09-1790, 2012 WL 273722, at *6 n.10 (D. Md. Jan. 30, 2012) (quoting *Abortion Rights Mobilization, Inc. v. Regan,* 552 F. Supp. 364, 366 (S.D.N.Y. 1982)).

Second, if Navigators prevails at trial, its victory would obviate the need for an appeal on the question of whether Ins. § 19-110 applies to claims-made-and-reported policies. Thus, allowing the case to proceed in the usual course may prevent "additional, and unnecessary, appellate court work." *Johnson*, 515 U.S. at 309.

Third, the Maryland Action may result in a finding that MBA and RJW are not liable for any damages. Such a finding presumably would moot the action in this Court, making an interlocutory appeal an unnecessary expenditure of appellate resources.

Fourth, defendants may later seek to appeal the Court's earlier ruling that coverage is not available under the 2010-2011 Policy. In such a case, an interlocutory appeal on the 2009-2010 Policy would create exactly the kind of "piecemeal review" the Supreme Court and the Fourth Circuit have advised against. *See, e.g.*, *Behrens v. Pelletier*, 516 U.S. 299, 314 (1996); *Waugh*

*Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 359 (4th Cir. 2013).

## CONCLUSION

For the foregoing reasons, the Motion will be denied. An Order follows.


Date: April 10, 2014         /s/
                             Ellen Lipton Hollander
                             United States District Judge