IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAVIGATORS SPECIALTY INSURANCE CO., <br>    *Plaintiff*, <br><br> v. <br><br> MEDICAL BENEFITS ADMINISTRATORS OF MD, INC., *et al.* <br>    *Defendants*. | Civil Action No. ELH-12-2076 |

**MEMORANDUM**

Plaintiff Navigators Specialty Insurance Co. ("Navigators") seeks a declaration that it is not required to provide insurance coverage to Medical Benefits Administrators of MD, Inc. ("MBA") and R.J. Wilson & Associates, Ltd. ("RJW"), defendants, for liability that may arise out of a lawsuit filed against the defendants in this district on June 30, 2011: *Certain Underwriters at Lloyd's London v. R.J. Wilson and Associates, Ltd. and Medical Benefits Administrators of Md. Inc.*, Civ. No. CBB-11-01809 (the "Maryland Action").[1]  After I ruled on the parties' cross-motions for summary judgment, *see* ECF 59, I asked the parties to submit brief memoranda on the question of whether this case should be stayed pending resolution of the Maryland Action.  ECF 65.

Navigators and defendants submitted their memoranda on May 2, 2014.  ECF 66, 67. Navigators opposes a stay, arguing that a stay would cause prejudice to Navigators and would not promote judicial economy.  ECF 66.  With respect to prejudice, Navigators notes that until

---

[1] The Maryland Action is assigned to Judge Catherine Blake.

this case is resolved, it is required to pay defendants' legal costs in the Maryland Action. And, under Maryland law, it will be unable to recoup those costs even if trial in the case *sub judice* results in a determination that Navigators is not required to provide coverage to defendants. *Id.* at 4–5. However, if this case is not stayed and the trial results in a ruling that Navigators is not required to provide coverage, Navigators can cease providing a defense to defendants in the Maryland Action. *Id.* With respect to judicial economy, Navigators points out that the parties have already invested substantial resources in the case *sub judice*; the case is ready for trial, which would be brief; and the Maryland Action likely will not obviate the need for a trial.

Defendants are in favor of a stay. ECF 67. They contend that a trial on whether Navigators must provide liability coverage to defendants should wait until after the court in the Maryland Action decides whether defendants have any liability at all in regard to the issues in the Maryland Action. Further, defendants maintain that trial in this case would require the Court to rule on issues that are directly related to the claims in the Maryland Action. *Id.* at 3. And, they claim that "there is an obvious risk that testimony in this action . . . could potentially prejudice [defendants'] liability defenses in the Maryland Action." *Id.*

A district court has broad discretion to stay proceedings as part of its inherent power to control its own docket. *Landis v. North American*, 299 U.S. 248, 254 (1936). But, that discretion is not without limits. *In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687 (Fed. Cir. 2010). Before issuing a stay, a court must be satisfied that a pressing need exists, and that the need outweighs any possible harm to the interests of the non-moving party. *Id.*

As I explained in my Memorandum Opinion of February 21, 2014 (ECF 58), this case is governed by Maryland law. Although Maryland law does not control a procedural issue such as a stay, it is helpful to consider the view of the Maryland Court of Appeals in regard to the matter

of a stay in a declaratory judgment action concerning insurance coverage, pending resolution of the underlying liability action. Indeed, the parties relied on Maryland law in their briefs. In *Litz v. State Farm Fire & Cas. Co.*, 346 Md. 217, 233, 695 A.2d 566, 573–74 (1997), the Court of Appeals said:

> [A] declaratory judgment action prior to the underlying tort trial can be both a valuable and appropriate means of resolving questions of policy coverage when the question of policy coverage is "independent and separable from the claims asserted in a pending suit by an injured third party." [*Brohawn v. Transamerica Insurance Company*, 276 Md. 396, 405, 347 A.2d 842, 848 (1975)]. When a question sought to be resolved in the declaratory judgment proceeding would be decided in the pending tort action, however, it is ordinarily inappropriate to grant a declaratory judgment prior to resolution of the underlying tort trial.

The essential question here is whether a trial in this case would require the Court to resolve issues that will be decided in the Maryland Action. If so, a "pressing need" for a stay would exist and it would be "inappropriate" to proceed with the trial.

In the Maryland Action, the plaintiff ("Lloyd's") alleges that defendants failed to properly administer certain employer-based insurance benefits plans that were underwritten by Lloyd's. The underlying dispute arose when Lloyd's notified RJW that "over one million dollars in accommodation advances had never been repaid to Lloyd's." ECF 58 at 7. RJW responded to Lloyd's by asserting that, based on their own calculations, Lloyd's actually owed RJW $236,969.05. *See* ECF 44 in the Maryland Action at 3. Thus, resolution of the Maryland Action will require, *inter alia*, resolution of the parties' accounting dispute.

In this case, one of Navigators' contentions is that it may deny coverage to defendants pursuant to Section I.A.2 of the 2009-2010 Policy, which provides that coverage is only available if, "prior to the inception of this policy . . . , no insured had a basis to believe that any [] act or omission . . . might reasonably be expected to be the basis of a [future demand for money or lawsuit]." ECF 58 at 20. Navigators claims that the existence of the accounting dispute

between Lloyd's and defendants, which predated the Policy, would have given a reasonable person a basis to believe that the dispute might result in demand for money or a lawsuit, thereby precluding coverage.

In my view, resolution of this question will require an inquiry into the relative merits of each party's position in the underlying accounting dispute. For example, if defendants' calculations are found to be correct, their position—that a reasonable person would not have expected Lloyd's to file a lawsuit—would be stronger than if the calculations by Lloyd's are found to be correct. Thus, a question that must be resolved in this "declaratory judgment proceeding [will] be decided in the pending tort action," *Litz*, 346 Md. at 233, 695 A.2d at 574, warranting the issuance of a stay.

I am sympathetic to Navigators' argument that it will be unable to recoup the costs it expends in the Maryland Action, even if it eventually prevails here. *But see Brohawn*, 276 Md. at 409, 347 A.2d at 851 (1975) ("The promise to defend the insured, as well as the promise to indemnify, is the consideration received by the insured for payment of the policy premiums."). Nonetheless, I believe the impropriety of addressing factual issues that should first be determined in the Maryland Action outweighs any prejudice to Navigators. If Navigators intends to argue that a reasonable person would have believed that the accounting dispute might result in demand for money or a lawsuit, it must wait until after the resolution of the Maryland Action to make such an argument. In the event that Navigators abandons such an argument and instead chooses to rely on its argument that it was prejudiced by receiving late notice of defendants' claim, I would be amenable to a motion to reconsider my ruling.

**CONCLUSION**

For the foregoing reasons, I will stay this case pending the resolution of the Maryland Action. The parties are directed to file a status report 120 days from the date of docketing of the accompanying Order, and every 120 days thereafter until the Maryland Action is resolved. And, the parties are directed to file a status report within 14 days of the date the Maryland Action is resolved. A separate Order follows, consistent with this Memorandum.


Date: May 12, 2014                                                /s/
                                                            Ellen Lipton Hollander
                                                            United States District Judge